UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| MICHAEL R. CALONGE, } <br> ON BEHALF OF HIMSELF AND } <br> ALL OTHERS SIMILIARLY SITUATED, } <br> } <br> Plaintiff, } <br> v } <br> } <br> MCCARTHY, BURGESS & WOLFF, INC. } <br> } <br> Defendant. } | Civil Action, File No. |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Michael R. Calonge [hereinafter "Calonge"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendant, McCarthy, Burgess & Wolff, Inc. ("MBW"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

3. Calonge is a natural person residing at 130 Second Avenue, Brentwood, NY 11717.

4. Calonge is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

5. On or about September 7, 2017, MBW sent Calonge the letter annexed as Exhibit A. Calonge received and read Exhibit A. For the reasons set forth below, Calonge's receipt and reading of Exhibit A deprived Calonge of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

6. Per statements and references in Exhibit A, MBW sent Exhibit A to Calonge in an attempt to

collect a past due debt.

7. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a Sunoco consumer credit card account by Citibank, N.A. for her individual use, individually incurring charges by using the credit card account, and then, as an individual, failing to pay for these charges. A Sunoco consumer credit card account is an account issued to consumers for use at Sunoco stations for personal, family or household purposes. MBW, via Exhibit A, attempted to collect this past due debt from Calonge in his individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. MBW is an Ohio Domestic Corporation.

9. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs.

10. MBW possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

11. Based upon Exhibit A and upon MBW possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of MBW is the collection of debts using the instrumentalities of interstate commMBWe, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

12. On Exhibit A, MBW identifies itself as a "debt collector" attempting to collect a debt.

Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

13. Based upon the allegations in the above four paragraphs, MBW is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

14. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

15. Exhibit A set forth a "New Balance" of $1,059.35 and a "Minimum Payment Due" of $285.33.

16. Upon information and belief, based on Exhibit A setting forth a "Minimum Payment Due" of $285.33, Citibank, N.A. continued to accrue interest, late charges, and/or other charges on the "New Balance" set forth in Exhibit A.

17. Exhibit A does not set forth a date by which Calonge could pay the "New Balance" in order to satisfy the debt set forth in Exhibit A.

18. Upon information and belief, based on Citibank, N.A. continuing to accrue interest, late charges, and/or other charges on the "New Balance" set forth in Exhibit A and Exhibit A not setting forth a date by which Calonge could pay the "New Balance" in order to satisfy the debt set forth in Exhibit A, Calonge's prompt payment of the "New Balance" set forth in Exhibit A could not have satisfied the debt set forth in Exhibit A.

19. Exhibit A failed to notify Calonge that his "New Balance" may increase due to the aforementioned accrued interest, late charges, and/or other charges.

20. For one or more of the above reasons, as a result of the aforementioned omission from

Exhibit A, Defendant violated 15 USC § 1692g(a)(1), 15 USC § 1692e, and 15 USC § 1692e(10) by sending Exhibit A to Calonge.

## SECOND CAUSE OF ACTION-CLASS CLAIM

21. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

22. Exhibit A sets forth a "Minimum Payment Due" of $285.33

23. Based upon the above statement, the least sophisticated consumer could believe that promptly paying the "Minimum Payment Due" will prevent the accrual of interest, late charges and other charges.

24. However, if on the date of Exhibit A Citibank, N.A. was accruing interest, late charges and other charges until payment of the "New Balance", the statement set forth in the above paragraph, amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC § 1692g(a)(1), 15 USC § 1692e, and 15 USC § 1692e(10).

## THIRD CAUSE OF ACTION-CLASS CLAIM

25. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

26. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## FOURTH CAUSE OF ACTION-CLASS CLAIM

27. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

28. As a result of sending Exhibit A to Calonge, Defendant violated of 15 USC 1692g.

## CLASS ALLEGATIONS

29. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

30. The class consists of (a) all natural persons (b) who received a letter from MBW dated between September 7, 2017 and the present (c) to collect a past due consumer debt, (d) in a form materially identical or substantially similar to Exhibit A.

31. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

32. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

33. The predominant common question is whether Defendant's letters violate the FDCPA.

34. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

35. A class action is the superior means of adjudicating this dispute.

36. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against MBW in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and

      2.   Any and all other relief deemed just and warranted by this court.

Dated:        September 7, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107